UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES A. MORGAN, | Case No. 2:14-cv-01582-JCM-PAL |
| Plaintiff, | ORDER |
| v. | |
| CLARK COUNTY, et al., | |
| Defendant. | |

The court set this matter for a scheduling conference on January 6, 2015, when the parties failed to file a proposed stipulated discovery plan and scheduling order. The Complaint (Dkt. #1) in this matter was filed September 25, 2014. Defendant filed a Motion to Dismiss (Dkt. #5) October 20, 2014. Pursuant to LR 26-1, the parties were required to meet and/or confer as required by Fed. R. Civ. P. 26(f) within thirty days after the first defendant answered or otherwise appeared, and fourteen days thereafter to file a mandatory stipulated discovery plan and scheduling order. To date, the parties have not complied. The court set the matter for hearing to inquire whether either party wished to conduct discovery while the motion to dismiss was pending. The Plaintiff, who is appearing pro se, appeared on his own behalf with his wife. Robert Gower appeared on behalf of Clark County.

The Plaintiff was a long-term employee of Clark County who separated from the County in 2001. Plaintiff has previously filed two federal actions in this district in 1998 and 2008, Case No. 2:98-cv-98-0088 DWH-RJJ, and 2:08-cv-333-PMP-PAL. The current complaint alleges civil rights and other violations related to Plaintiff's claims that the Defendants have improperly calculated his benefits that have resulted in financial losses including the loss of two vehicles that were financed with his disability insurance and the loss of his home in 2006. Defendants' motion to dismiss seeks dismissal on the grounds the statute of limitations has expired under

1  Nevada's personal injury statute of limitation, NRS 11.190(4)(e).  Section 1983 does not specify
2  a statute of limitations for filing complaints and is governed by the forum state's personal injury
3  statute of limitations.  In this case the forum state is Nevada. The motion to dismiss also seeks
4  dismissal on the grounds of issue and claim preclusion arguing all of Plaintiff's claims were
5  either previously litigated, or could have been litigated in Plaintiff's prior lawsuits.
6  Plaintiff filed an opposition to the motion to dismiss which argues he has been denied
7  constitutional rights and filed this action based on 42 U.S.C. § 1983 asserting deprivation of his
8  rights as a disabled employee for violations of the ADA Civil Rights Act of 1990.  Plaintiff
9  concedes that his prior cases have some similarities to this one, but argues that this case is not the
10 same and that he exhausted all avenues before filing by requesting a fair audit regarding money
11 owed and additional county benefits which Defendants ignored.  The opposition to the motion to
12 dismiss attaches certain exhibits, but does not indicate that any discovery is needed in order to
13 fully respond or oppose the motion.
14 At the hearing, the court explained that the parties were required to submit a proposed
15 discovery plan and scheduling order in compliance with LR 26-1(e) and inquired whether either
16 side believed that discovery was needed before a decision on the motion to dismiss.  Neither side
17 requested any formal discovery.  Mr. Gower stated that one of the reasons the parties had not
18 conducted a Rule 26(f) conference is because Plaintiff filed a motion to recuse the District
19 Attorney's Office from participating in this case which is currently under submission.  Plaintiff
20 indicated that one of the reasons the parties have not been communicating is because defense
21 counsel objected to Plaintiff discussing settlement discussions in papers filed with the court.
22 Having reviewed and considered the matter, including Defendants' motion to dismiss and
23 Plaintiff's response, the court will enter a temporary stay of discovery while the motion to
24 dismiss is under submission to the district judge.  The court will require the parties to meet and
25 confer to conduct a Rule 26(f) conference and submit a proposed discovery plan and scheduling
26 order within fourteen days of decision of the motion to dismiss with respect to any claim that
27 survives.  The stay of discovery will not affect the parties' responsibility to attend the Early
28 Neutral Evaluation session scheduled by Judge Foley.

**IT IS ORDERED:**

1. A temporary stay of discovery is entered.

2. The parties shall meet and confer as required by Fed. R. Civ. P. 26(f) not later than fourteen days after decision of the pending motion to dismiss, and submit a proposed discovery plan and scheduling order as required by LR 26-1(e) with respect to any claim that survives the motion to dismiss.

3. The temporary stay of discovery shall not relieve the parties of their obligations to comply with Judge Foley's order scheduling the Early Neutral Evaluation, or to attend the Early Neutral Evaluation.

DATED this 6th day of January, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE