UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES A. MORGAN, | Case No. 2:14-CV-1582 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| CLARK COUNTY NEVADA, et al., | |
| Defendant(s). | |

Presently before the court is defendants Clark County, Nevada, Glenn Trowbridge, and Steve Sisolak's motion to dismiss. (Doc. # 5). Defendant Edward M. Finger joined the motion to dismiss. (Doc. # 10). *Pro se* plaintiff James A. Morgan filed a response, (doc. # 9), and defendants filed a reply, (doc. # 12).

Also before the court is plaintiff's motion for leave to file an amended complaint. (Doc. # 24). Defendants filed a response, (doc. # 26), and plaintiff filed a reply, (doc. # 27).

**I.   Background**

Plaintiff's complaint is incredibly difficult to follow. The court has spent considerable time piecing together the pertinent factual allegations.

Plaintiff was a long-term employee of Clark County. (Doc. # 1). Clark County hired him in September 1977. (Doc. # 1 at 1). Plaintiff first worked in the courthouse maintenance department and then moved to the parks and recreation department where he held the title of swimming pool technician. (Doc. # 1 at 1).

When defendant Glenn Trowbridge became the director for parks and recreation, plaintiff alleges he became a victim of continuous harassment. (Doc. # 1 at 1). In 2001, after 24 years of service with Clark County, plaintiff was either fired by defendant Trowbridge, (doc. # 1 at 3),

**James C. Mahan**
**U.S. District Judge**

forced into retirement, (doc. # 1 at 6), or forced into total permanent disability, (doc. # 1 at 2, 7–8).

Plaintiff alleges that, at the time of his separation from Clark County, defendants acted in concert to deprive plaintiff of "pertinent information regarding his disability benefits specifically medical premiums, federal income tax status while on disability and supplemental disability benefits." (Doc. # 1 at 2). He was denied all supplemental benefits. (Doc. # 1 at 2). Plaintiff further asserts that at the time of his separation from Clark County, "intentional mistakes" were submitted to the Public Employees Retirement System (PERS), which prevented plaintiff from receiving supplemental disability benefits. (Doc. # 1 at 2).

Plaintiff also alleges he was not been paid more than $15,000 for serving as acting swimming pool supervisor for over eleven months at some point during his tenure with Clark County. (Doc. # 1 at 3).

Since plaintiff's separation from Clark County in 2001, he has tried to "get clarification from Clark County" regarding the claims in his instant complaint. Plaintiff alleges that the defendants improperly calculated his benefits and that these miscalculations created financial losses for him, including the loss of two vehicles that were financed with his disability insurance, and the loss of his home in 2006.

Plaintiff has previously filed two federal actions in this district. In 1998, plaintiff filed an employment discrimination case against defendant Trowbridge, case number CV-S-98-0886-DWH-RJJ. (Doc. # 1 at 3). Plaintiff alleged that he was denied a position in October 1996 because of his race. The court granted summary judgment for defendants.

In 2008, plaintiff brought an employment discrimination case, case number 2:08-cv-00333-PMP-PAL. (Doc. # 1 at 3). The court dismissed plaintiff's claims for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. There was no diversity jurisdiction, Morgan pleaded only state law claims, and Morgan's 42 U.S.C. § 1983 claim was not colorable. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is

**James C. Mahan**
**U.S. District Judge**

- 2 -

'wholly insubstantial and frivolous.'"). Plaintiff appealed and the Ninth Circuit affirmed. (Doc. # 58).

## II.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint. *Id.* at 1950. However, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported by only conclusory statements, do not suffice. *Id.* at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id.* (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

**James C. Mahan**
**U.S. District Judge**

- 3 -

but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### III.   Discussion

####    A.   Motion to Dismiss

The court liberally construes plaintiff's claims as being brought under 42 U.S.C. § 1983, alleging a deprivation of statutory rights established by the Americans with Disabilities Act of 1990 (ADA).[1]

Defendants' motion to dismiss asserts that plaintiff's claims are time-barred under the applicable statute of limitations.  While § 1983 does not specify a statute of limitations for filing complaints, the forum state's personal injury statute of limitations applies to these claims.  *Owens v. Okure,* 488 U.S. 235, 236 (1989).  Here, the forum state is Nevada, which creates a two-year statute of limitations for personal injury claims.  NRS § 11.190(4)(e).  Accordingly, this two-year period applies to plaintiff's § 1983 claim.

While plaintiff does not explicitly discuss the continuing violations doctrine in his complaint, defendants acknowledge that he may have implicitly argued that his claim is timely under this doctrine.  (Doc. #12 at 3).  However, defendants' motion discusses only plaintiff's repeated attempts to communicate with Clark County officials, while analyzing the doctrine's limitations in the employment termination context.  (*Id.* at 3–4).  This analysis misses the central premise of plaintiff's allegation, that he was deprived supplemental disability payments through intentional acts by defendants.

---

[1] Plaintiff's response to defendants' motion to dismiss argues he has been denied constitutional rights and filed this action based on 42 U.S.C. § 1983, asserting "Deprivation of [his] Rights as a disabled employee [for] violat[ions of the] ADA Civil Rights Act of 1990 Amended." (Doc. # 9 at 1).  The Civil Rights Act of 1990 sought to protect job discrimination against minorities and women.  It was vetoed by President George H.W. Bush.  Plaintiff also erroneously cites "42 U.S.C. § 12111."  Accordingly, the court believes that plaintiff asserts only a 42 U.S.C. § 1983 claim, alleging a deprivation of statutory rights established by the ADA.

**James C. Mahan**
**U.S. District Judge**

- 4 -

Nonetheless, the court does not reach the question of how the continuing violations doctrine applies to such a claim, because there are other fatal defects in plaintiff's claim. The court will therefore highlight the most relevant issues for each defendant.

### 1. Clark County, Nevada

Defendants' motion does not specifically address Clark County's alleged liability. However, it is well established that "a local government body . . . cannot be held liable under § 1983 'solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.'" *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014) *cert. denied*, 135 S. Ct. 980 (2015) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). This principle applies to county governments. *See*, *e.g.*, *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997).

Plaintiff attempts to impute liability to the county based on the alleged actions of its current and former employees and current commissioner. This claim is not cognizable. Accordingly, plaintiff's claim against Clark County is dismissed.

### 2. Glenn Trowbridge

Plaintiff has brought claims on multiple occasions against Trowbridge, the former director of the county's parks and recreation department. The most recent claim in 2008 was extremely similar to the instant action, alleging a violation of plaintiff's constitutional rights under § 1983 based on a denial of his additional disability benefits. (Doc. # 5 at 20–21). Since another court within this district dismissed this claim, Defendants argue that the doctrine of res judicata bars the instant action. (*Id.* at 5).

Res judicata bars a party from bringing a claim if a court of competent jurisdiction has rendered final judgment on the merits of the claim in a previous action involving the same parties or their privies. *In re Jenson,* 980 F.2d 1254, 1256 (9th Cir. 1992). The doctrine is intended to "insure [ ] the finality of decisions, conserve[ ] judicial resources, and protect [ ] litigants from multiple lawsuits." *McClain v. Apodaca,* 793 F.2d 1031, 1032–33 (9th Cir. 1986) (citing *Americana Fabrics, Inc. v. L & L Textiles, Inc.,* 754 F.2d 1524, 1528–29 (9th Cir. 1985)).

**James C. Mahan**
**U.S. District Judge**

- 5 -

A "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dep't Stores, Inc.* v. *Moitie*, 452 U.S. 394, 399 n.3 (1981). The exception to this rule is if the court *explicitly* dismisses the claim without prejudice. *See King v. Provident Life & Acc. Ins. Co.*, 23 F.3d 926, 929 (5th Cir. 1994) (discussing multiple circuit courts and treatises that have articulated this principle).

Res judicata applies to plaintiff's instant complaint. He brought nearly identical claims against Trowbridge in 2008, (*see* doc. # 5 at 20–27), and the district court dismissed the claim, (*id.* at 31–32). The order did not state that the dismissal was "without prejudice." The claim is therefore barred. Accordingly, plaintiff's claim against defendant Trowbridge is dismissed.

### 3. Edward Finger

Plaintiff also brings claims against Edward Finger, the former county assistant manager. Plaintiff wrote Finger a letter in 2013 requesting "a transparent audit of his total permanent disability benefits . . . ." (Doc. # 1 at 4). The two met in February 2013, where defendant Finger allegedly agreed to investigate plaintiff's claims and provide him a written answer. (*Id.*). Since Finger never provided him this answer, plaintiff brought this instant action against him.

Defendants never address this specific contention against Finger and merely state that plaintiff has never served Finger with his complaint. The court notes that the correct procedure in such an instance would be to file a motion to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

Nonetheless, plaintiff has failed to demonstrate how Finger's inaction (i.e., not providing a written answer) violates any of plaintiff's rights. Plaintiff has therefore failed to identify a cognizable harm. Accordingly, plaintiff's claim against defendant Finger is dismissed.

### 4. Steve Sisolak

Finally, plaintiff brings a claim against Steve Sisolak, a Clark County commissioner. Plaintiff sent Sisolak a letter regarding his complaints in 2013, and Sisolak responded days later informing plaintiff that Sisolak had forwarded the information to the district attorney's office. (Doc. # 1 at 4). It appears that Sisolak's inaction beyond this measure is plaintiff's only basis for a claim against the defendant. Once again, plaintiff has failed to demonstrate how such an act of

omission violates any statutory right and has thus failed to identify a harm. Accordingly, plaintiff's claim against defendant Sisolak is dismissed.

**B.     Motion for leave to file an amended complaint**

Plaintiff moves for leave to file an amended complaint in order to add Clark County Credit Union (CCCU) as a defendant. (Doc. # 24 at 1). However, plaintiff's proposed amended complaint makes nearly the same allegations against CCCU as his dismissed complaint in 2008: a deprivation of "pertinent information regarding his disability benefits" and a denial of supplemental disability benefits . (*Id.* at 5). Even if the court were to grant leave to amend, plaintiff's claims against CCCU would be barred under res judicata for the same reasons discussed above.

Furthermore, plaintiff's proposed amended complaint does not resolve the defects in his original complaint in regards to the current defendants. The motion is therefore futile in every respect. Accordingly, the court will deny plaintiff's motion for leave to file an amended complaint.

**IV.    Conclusion**

Based on the analysis above, the court will grant defendants' motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. # 5). Because plaintiff's claims are either barred under res judicata or non-cognizable, they are incurable through further litigation, and the court will therefore dismiss these claims with prejudice. The court will deny plaintiff's motion for leave to file an amended complaint. (Doc. # 24).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss for failure to state a claim upon which relief can be granted, (doc. # 5), be, and the same hereby is, GRANTED, and the complaint is dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file an amended complaint, (doc. # 24), is DENIED.

The clerk shall enter judgment accordingly and close the case.

DATED April 15, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**